# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| **LATHAN HERMES, PATRICIA HERMES**<br>**and LINDA BOLINEAU,**<br><br>   *Plaintiffs*,<br><br>**v.**<br><br>**RIZO LUBIC; and FAHRUDIN**<br>**HASANOVIC,** *individually* **and**<br>*d/b/a* **MHM TRUCKING LLC,**<br><br>   *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) **No. 3:13-cv-00416**<br>)   **REEVES/SHIRLEY**<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Love's Travel Stops's motion for certification of final judgment. [D. 88]. The Court previously granted Love's motion for summary judgment and dismissed it as a party. Love's now asks the Court to certify that judgment as final under Federal Rule of Evidence 54(b). For the following reasons, this motion is granted.

Under Rule 54(b), when a suit involves multiple claims or parties, the court can enter final judgment as to some of those claims or parties. It may do so, however, "only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Once the court enters final judgment as to those claims or parties, it cannot revise its judgment. *See id.* Love's contends that there is no just reason for delay.

The Court agrees. Five factors decide whether there is just reason to put off finalizing a judgment:

 • the relationship between the adjudicated and unadjudicated claims;

 • the possibility that future district-court developments might moot the need for review;

1

• the possibility that the reviewing court might have to consider the same issue a second time;

• the presence or absence of a claim or counterclaim which could result in a setoff against the judgment sought to be finalized; and

• miscellaneous factors such as delay, economic considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994). Loves contends that each of these factors favors finalization under Rule 54(b). The other defendants oppose finalization. They argue that the policy against piecemeal litigation bars finalization in this case, and that finalization under Rule 54(b) should be used sparingly.

On balance, these factors show that there is no just reason to delay finalizing the Love's summary-judgment order. First, while the claims against Love's and the other defendants are all negligence claims, they are claims for distinct acts of negligence. The claim against Love's stemmed from one instance where, according to the Plaintiffs, it negligently serviced Lubic's tractor trailer, which had a tire fly off and hit the Plaintiffs' car. By contrast, the truck was driven by Lubic, who was working for MHM, which is owned by Hasanovic. The Plaintiffs allege that all three negligently maintained the vehicle over a period of time. The Plaintiffs also claim that MHM and Hasanovic failed to implement safety procedures for Lubic to follow. The claims against Lubic, MHM, and Hasanovic are connected through the business and their relationship to the truck. Factually, the claim against Love's stands alone. The first factor thus favors finalization. *See Lowery v. Fed. Express Corp.*, 426 F.3d 817, 822–23 (6th Cir. 2005).

The second factor does too. "The potential for a challenged ruling to be mooted by subsequent developments in the district court weighs against" finalization. *Gen. Acquisition*, 23 F.3d at 1031. The facts underpinning the claim against Love's, however, are only slightly related to the facts underpinning the claims against the other defendants. Whether the Plaintiffs or other defendants prevail in this case has little bearing on whether Love's would prevail. Thus, there is little risk that developments in this suit will moot a challenge to the Court's summary-judgment order.

The third factor also favors finalization. "[T]he greater the overlap in the factual basis between adjudicated and unadjudicated claims, the greater the possibility that [the reviewing] court will have to revisit the same facts under a different theory in a second appeal." *Lowery*, 426 F.3d at 823. As explained above, the claim against Love's is based on facts that overlap little with the facts alleged against the other defendants. There is little chance that the Sixth Circuit would have to review the same issue a second time.

Fourth, there are no claims or counterclaims that could result in a setoff against the judgment dismissing Love's. Because the Court has dismissed Love's, it is liable to neither the Plaintiffs nor the other defendants.

Finally, there are miscellaneous factors favoring finalization. The actions complained of occurred almost five years ago, so "the 'no just reason for delay' consideration is infused with a certain exigency." *Gavitt v. Born*, 835 F.3d 623, 639 (6th Cir. 2016). And there are economic considerations: the longer Love's has to wait before the judgment for it is finalized, the more expense it will incur. All five *General Acquisition* factors, therefore, point in favor of granting Love's motion.

The other defendants note that there is a policy against piecemeal litigation, and that finalization under Rule 54(b) should be used sparingly. True. But the very point of the five *General Acquisition* factors is to determine if the policy against piecemeal litigation has been overcome by other concerns, warranting the spare use of finalization. *See Gen. Acquisition*, 23 F.3d at 1027. That policy has been overcome here. There is no just reason for delaying finalization. Love's motion for certification under Rule 54(b) is **GRANTED**. The Court's summary-judgment order [D. 77] is **CERTIFIED** as a final judgment on all claims against Love's.

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**